IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


LEON L. BURDINE,

                    Plaintiff,

          v.                              CASE NO.09-3022-SAC

WICHITA BONE & JOINT CENTER, P.A., et al.,

                    Defendants.


                    O R D E R

     This matter is before the court on a civil complaint, as
amended, filed pro se while plaintiff was a prisoner confined in the
Sedgwick County jail in Wichita, Kansas.  Also before the court is
plaintiff's motion for leave to proceed in forma pauperis under 28
U.S.C. § 1915.

     Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full
$350.00 filing fee in this civil action.  If granted leave to
proceed in forma pauperis, plaintiff is entitled to pay this filing
fee over time, as provided by payment of an initial partial filing
fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by
the periodic payments from plaintiff's inmate trust fund account as
detailed in 28 U.S.C. § 1915(b)(2).  Because any funds advanced to
the court by plaintiff or on his behalf must first be applied to
plaintiff's outstanding fee obligation,[1] the court grants plaintiff

———————————————

     [1]See Burdine v. Bonjour, et al., Case No. 08-3255-SAC ($350.00
district court filing fee).

leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee.   Once this prior fee obligation has been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen the amended complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.   28 U.S.C. § 1915A(a) and (b).

Plaintiff appears to allege error in a state civil action filed against him to collect an outstanding medical debt, and appears to seek this court's assistance in litigating that action without undue interference by defendants.   The three defendants named in the amended complaint are the Wichita Bone & Joint Center, P.A., the attorney representing that party, and the state district court judge hearing the case.   Having reviewed plaintiff's allegations, the court finds the amended complaint is subject to being summarily dismissed.

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).   In the present case, no deprivation of a federal or constitutional right is evident on the face of plaintiff's pleadings, and clearly the medical center and its

2

attorney are not persons "acting under color of state law."

Additionally, even if a cognizable federal claim could be demonstrated, this court's intervention in plaintiff's state civil action would not be appropriate or warranted. *See* Younger v. Harris, 401 U.S. 37 (1971)(narrowly proscribing federal injunctions and declaratory relief that interfere with on-going state criminal proceedings). *See also* Huffman v. Pursue, Ltd., 420 U.S. 592 (1975)(extending Younger doctrine to civil proceedings); Parkhurst v. Wyoming, 641 F.2d 775, 777 (10th Cir. 1981)(extending Younger doctrine to § 1983 claim for damages).

The court thus directs plaintiff to show cause why the amended complaint should not be dismissed as stating no claim for relief under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").The failure to file a timely response may result in the amended complaint being dismissed without prejudice for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is granted, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the amended complaint should not be dismissed

3

as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 10th day of February 2009 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge